John M. Trimble and William Fowler *v.* Silas M. Stilwell, Trustee, &c.

Where the complaint, in an action for work, labor and materials upon a · building, is for the value, and the defendant sets up a special contract under which the work was done, and which fixes the price, which is admitted in a reply; it is erroneous to inquire as to the value of the work, &c., irrespective of the contract.

If, in such an action, the defendant specifies various defects in the work, and also alleges generally that it was not performed in a good and workmanlike manner; he may prove defects other than · those specially stated in the answer.

Proposals and estimates previously made by other mechanics for the performance of a certain work, are not evidence upon the question of value, after the plaintiff has performed such work.

Where a party suffers a witness to leave the stand, having inadvertently omit-

ted to ask a certain question, it is usual to permit the recalling of the witness, before such party has rested his case.

A ruling of the court or a referee, refusing such reëxamination, is, however, an exercise of discretion which will not form ground for reversing a judgment.

The complaint alleged, that during a period stated, the plaintiffs, forming the firm of John M. Trimble & Co., performed and furnished certain work, labor and materials, in and about the erection and furnishing of a certain building, at the request of the defendant; that such work, labor and materials were worth the sum of $6,500; and that a balance of $1,800, with interest, was justly due.

The answer averred that such work, labor and materials were performed and furnished by virtue of a certain special contract between the plaintiffs and defendant, the provisions whereof were particularly set forth; that the plaintiffs had failed to fulfill the covenants and provisions of such contract. The value alleged in the complaint was denied, and payment in full was set up for all services, whether rendered under the contract or otherwise. The answer then proceeded, at great length and with elaborate particularity, to specify instances wherein the terms of the contract had been disregarded in the progress of the work, and averred damages to the amount of $1,500. This sum it was claimed to recoup, and the answer also demanded judgment therefor as a "counter claim."

The reply denied that the plaintiffs failed to keep or perform the agreement in the answer mentioned, in any of the particulars therein charged, or that the defendants suffered damage to the amount of fifteen hundred dollars, or any other sum, by reason of the alleged matters in such answer set forth.

The cause was referred. The points raised upon the trial appear in the opinion. The referee reported in favor of the plaintiff for $933 34. From a judgment entered upon the report, the defendant appealed.

*Franklin Brown*, for the defendant, cited Code, §§ 142,

Trimble *v.* Stilwell.

162; 1 Greenlf. Ev. 483, § 436, and cases there cited; 2 Phil. Ev. 411, 413, and cases; *Manghan* v. *Hubbard*, 8 B. & C. 14.

*William H. Meeks*, for the plaintiffs, cited 2 Wend. 352; 5 id. 48 and 496; 12 id. 27; 2 Hill, 576; 3 id. 250; 7 Barb. 276; 1 Sand. S. C. R. 260; 7 Cow. 202; 1 E. D. Smith, 859.

BY THE COURT. INGRAHAM, FIRST J.—The plaintiffs claim to recover for work, labor and materials in repairing and rebuilding certain portions of building numbers 75 and 77 Nassau street. They aver that the same were worth $6,500. And they claim a balance of $1,800.

The defendant alleges a special agreement to do the work, by contract, for $6,000, which contract is substantially set out in the answer; and the answer claims, by way of defence, that such contract was not performed. The answer also avers that the work was not done in a good and workmanlike manner, specifies various particulars in which the work was defective, and claims $1,500 damages.

The plaintiffs reply, denying that they failed to keep the agreement in any of the particulars mentioned.

Upon the hearing before the referee, the defendant claimed to confine the plaintiffs to the contract. This was overruled by the referee, and he admitted proof of the value of the work, labor and materials furnished, and found as fact that the work, &c., was performed in manner and form as specified in the said agreement, and was worth $8,000.

It is difficult from these pleadings to say what issue was properly before the referee. The complaint was for work, labor and materials. The answer set up a special contract, which was admitted by the reply. Clearly the referee had no right, under such an issue, to try the questions as to the value of the plaintiffs' work and materials, instead of confining him to his right of action under the contract.

There are cases where the character of the work originally commenced under a contract is so far departed from as to justify a departure from it entirely, and to allow a recovery

for such work and materials according to its value, but that rule has been carried sufficiently far in allowing contracts to be departed from, without extending it to a case in which the plaintiffs admit a contract, and claim to have performed it.

Even admitting that the plaintiffs could have resorted to this mode of recovery, the defence set up in the answer was sufficient to enable the defendant to show that the work was not done in a good and workmanlike manner. (*Grant* v. *Button*, 14 J. R. 377.) Although, as one defect stated was, that the lower floor was not level, the general allegation that the work was not done in a proper manner was sufficient to permit him to show that the other floors were also out of the level. If this clause was too general, a motion should have been made to make it more specific. As the pleadings stood, he was at liberty to show such defects at the trial, although not specifically set up in the answer.

I think, also, the referee should have permitted Conway to be recalled, to state the damage from the want of level on the first floor. Where a party suffers a witness to leave the stand without asking a question which he has inadvertently omitted, it is not usual to prevent the correction of such an error, while the party has the case with him and before he has rested. It is, I know, a matter of discretion with the judge or referee, to decide how far he will permit a reëxamination of a witness; and if this were the only ground, it could not with propriety be held sufficient to reverse a judgment, although it is apparent that such neglect has operated to the defendant's injury. (*Gibson* v. *Pearsall*, 1 E. D. Smith, 90; *Beach* v. *Raymond*, 2 id. 497.)

The ruling as to the estimates of other persons than the plaintiffs for the work, was correct. It was no evidence of the value of the work. The persons who made those estimates could have been examined as witnesses, and in such cases they would have been asked as to the value of the work, &c., and not at what price they submitted estimates.

Other questions are raised as to the rulings of the referee, but it is unnecessary now to discuss them.

The judgment must be reversed, and the case sent back to the referee, costs to abide the event, unless the plaintiffs see fit to move for leave to amend their complaint, in which case the order of reference will be discharged, and a new order made after the issues are settled.

Ordered accordingly.